JOSHUA P. SHERROD *v.* STATE OF MISSISSIPPI.

[44 South., 813.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Demurrer. Waiver. Supreme court practice.*

On appeal to the supreme court a demurrer to an indictment will be treated as waived or withdrawn, in the absence of all record evidence of its having been otherwise disposed of in the court below.

2. SAME. *Forgery. Evidence. Witnesses. Contradiction.*

In a prosecution for forging a promissory note, the defense being that the note was genuine and given for money loaned by defendant, if the prosecutrix be permitted to testify, it appearing that she received from defendant a sum of money equal to the amount of the note, that as an officer of an insurance company defendant collected an insurance policy for a greater sum on the life of her deceased husband and that the money received was a partial payment on that account, it will be error to refuse defendant's offer to show (a) that he was not an officer of the insurance company, (b) had never made collection of the insurance mentioned, and (c) that nothing was ever due on the policy, it having lapsed before the death of the insured.

3. SAME.

Where in such case the prosecutrix testified that defendant was indebted to her, the defendant, being a witness in his own behalf, should not be prohibited from testifying that he was not so indebted.

4. SAME.

Where in such a prosecution for forgery the prosecutrix testified that she was not indebted to defendant but that he was indebted to her on the proceeds of insurance on the life of her deceased husband, it was error, proper predicate having been laid, to refuse to allow defendant to show that she had stated that her husband failed to pay premiums and the policy had lapsed before his death and that he owed defendant the amount of the note.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

Sherrod, the appellant, a negro physician, was indicted and

tried for forgery, convicted and sentenced to the penitentiary for five years; and appealed to the supreme court.

The indictment contained two counts, the first being for forgery of a paper purporting to be a promissory note for $100 payable to appellant, signed "Cynthia Green." The second count charged that the same paper was feloniously uttered by appellant. A demurrer to the indictment specifying several grounds was filed, but no action on the demurrer is shown by the record, although it appears that appellant, being arraigned, pleaded not guilty.

The prosecutrix, Madame Green, a negress, whose name is charged to have been forged, testified that she did not sign the promissory note, but admitted receiving $100 from appellant, claiming, however, that it was part payment by appellant to her for the proceeds of a $400 insurance policy on the life of her deceased husband, collected by appellant from the Knights of Honor of the World, of which appellant was an officer. To rebut this testimony the appellant sought to introduce the policy of insurance and other documentary evidence showing that, by reason of nonpayment of dues in the lifetime of the dear departed, the policy had lapsed and was void when he died. The court refused to admit the same in evidence or to allow any questions to be propounded to any witness intended to elicit testimony tending to show such evidence, to be answered by the witness, to the effect that there was no insurance money due on the life of the decedent. The appellant sought to show by his witnesses and himself to testify, that he was not indebted to Madame Green, that he never collected any insurance money; and that the woman had stated to different persons that her deceased husband failed to pay his assessments or premiums in his lifetime to the Knights of Honor of the World, and that she had admitted to several persons that she owed appellant the sum of of $100, the amount of the note for money loaned her by appellant. The court below refused to admit such evidence.

The opinion of the court further states the facts.

*J. McC. Martin,* for appellant.

The court below erred in not sustaining appellant's demurrer to the indictment. The indictment failed to comply with Code 1906, §§ 1187, 1192, defining the statutory crime of forgery, and of uttering false instruments. A comparison of the indictment with the statute will show that the demurrer should have been sustained. To fall within the law, the charge must be in the language of the statute. The indictment must pursue the precise and technical language employed in the statute in the definition or description of the offense. *Scott* v. *State,* 2 George, 478; *Williams* v. *State,* 42 Miss., 329; *Dee* v. *State,* 68 Miss., 602; *Burgess* v. *State,* 81 Miss., 482.

The prosecutrix, Cynthia Green, whose name is charged to have been forged, testified that the appellant was indebted to her by reason of her connection with the local lodge which, according to her testimony, had insured her deceased husband's life, and that appellant had paid her $100 of this amount. Subsequently, when the appellant was upon the stand in his own behalf, his counsel, in order to controvert the testimony of the woman, asked appellant whether he owed her $400, or any part thereof. Appellant's answer was, "I do not owe her a thing." On the objection of the district attorney, this question and answer were excluded. The refusal of the court to allow appellant to testify, as shown, constitutes reversible error, under the circumstances. This prosecutrix also testified that her deceased husband's policy for $400 was in appellant's hands, and that he owed her that sum on account of the policy, and had paid her only $100 on account of the same and was to pay her different instalments of $50, until the whole was paid. To controvert this testimony, the appellant sought to show by his testimony that he was in no way connected with the insurance society, that he never received any funds of, nor was indebted to, Madame Green, and that the policy of insurance on the life of her husband lapsed, and become void, before the death of the insured; and appellant sought to intro-

duce, in evidence, the policy itself and other documents to show the correctness of his contention. It was error in the court to refuse to allow the evidence.

"The object of a trial is to ascertain the truth of the facts in issue between the parties. This may be done by evidence addressed directly to such facts, or facts relevant to the issue. As a general proposition, therefore, it may be said that any evidence tending in any reasonable degree to establish the probability or improbability of a fact in issue, no matter how slight its weight may be, is relevant." Elliott on Evidence, sec. 144.

*John L. Frierson,* on the same side.

The prosecutrix, while denying that she executed the promissory note, payable to appellant, for $100, admitted, in her testimony, that she did receive from him $100; but claimed that this was a payment on an alleged insurance policy, payable to her, on her deceased husband's life. Appellant's testimony was that the $100 was a loan to Madame Green, to aid her to start in the restaurant business. The learned district attorney was allowed to question Madame Green at considerable length before the jury about the policy of insurance, placing clearly before them the state's idea that appellant owed her, and had promised to pay her, the face of the policy, $400, and had actually paid $100 toward liquidation of the debt. When counsel for appellant, on cross-examination of The Madame, made inquiries about the policy, and the alleged debt due thereunder, and sought to introduce the policy in evidence, the court, on the objection of the district attorney, refused to allow cross-examination on the subject, and declined to allow the policy to be placed in evidence, and declined to allow appellant to introduce evidence to show that Madame Green had stated to several different parties, before the trial, that she owed appellant $100, evidenced by the note. The action of the court was partial to the state, and constituted reversible error. Elliott on Evidence,

sec. 144. *Prior* v. *Oglesby,* 39 South Rep., 593. Certainly, the issue was one of fact, rather than of law, and it was not for the judge, but for the jury, to pass upon the same. *Decker* v. *Bryant,* 7 Barb. (N. Y.), 183; *Clinton* v. *Rowland,* 24 Barb. (N. Y.), 634. The recognized rule is, that the examination in chief should be more restricted than the cross-examination; but here the tables were turned, and while the examination in chief of Madame Green extended through a large latitude, her cross-examination by appellant was restricted to a small part of what was brought out on direct examination. Appellant's legal rights were prejudiced thereby. *Buckner* v. *Buckner,* 12 Nevada, 423; *Baird* v. *Bailey,* 68 New York, 547; Rapalje's Law of Witnesses, 246; Thompson on Trials, 405; *Taggart* v. *Bosch,* 48 Pacific Rep., 1092.

Either the prosecutrix or the appellant told an absolute falsehood. If for no other purpose than to enable the jury to pass upon the verity of the statements, and get the same clearly before them, the cross-examination of Madame Green, as attempted by counsel for appellant, should have been allowed. She was asked, on cross-examination, concerning statements alleged to have been made by her at former and different times, contradictory to her testimony in chief, and, since her testimony was of importance, it was error in the court below to refuse to permit appellant subsequently to show that the woman had stated to third persons, that her husband, on whose life the insurance was claimed to have accrued, had not paid his assessments, that the policy had lapsed, and that she owed appellant $100 for money loaned. *Martin* v. *Elden,* 32 Ohio St., 282; *Baird* v. *Bailey,* 68 N. Y., 547.

*George Butler,* assistant attorney-general, for appellee.

In answer to the contention of learned counsel for appellee, that the court erred in not sustaining appellant's demurrer to the indictment, we call the court's attention to the fact that the record in this case fails to show any action by the circuit court

on the demurrer. In answer to the certiorari issued from this court, the clerk of the circuit court below certified that no action was taken on the demurrer. Hence, this court must treat the demurrer as having been waived, or withdrawn. 10 Enc. of Plead. & Prac., 573.

It is insisted by appellant that the court should have permitted him to show that the policy on the life of the husband of Madame Green had lapsed by reason of the nonpayment of premiums. Under all the evidence this was immaterial. It will be noted that appellant was not restricted in his cross-examination of the witness, Madame Green, as to how, when, where, and on what account she received the $100. The first objection of the district attorney, sustained by the lower court, came when she was interrogated by counsel for appellant with the view of laying a predicate to contradict her as to whether or not she had stated to certain third persons that the policy had lapsed. When she denied this conversation, appellant was bound by her answer. *Williams* v. *State,* 73 Miss., 820.

Was there error in the court below refusing to permit appellant to prove, by different witnesses, that Madame Greene had admitted to them that she owed appellant $100 for money loaned? The Madame admitted that she had received from appellant $100; and appellant testified that he gave her that amount of money; she claimed that it was paid as hush money, on account of his having the policy, while he claimed that it was passed to her as a loan. Now, the sole question at issue was, whether Madame Green signed the note. It could throw no light upon this question, to ascertain on what account the $100 was advanced. While it may be true that the testimony sought to be introduced would have tended to corroborate the testimony of appellant, it was not pertinent to the real issue. *State* v. *Pyscher,* 179 Mo., 140.

WHITFIELD, C. J., delivered the opinion of the court.

There is nothing in the record to show any action of the

court upon the demurrer to the indictment. In answer to the certiorari the circuit clerk certifies that there was no action taken, and that none appears anywhere on the minutes of the court. It is well settled that in such case the demurrer should be treated as waived or withdrawn. 10 Ency. Plead. & Prac., 573. If there were any defects in the indictment, they were only such as might well have been cured by amendment.

The court erred in refusing to allow the defendant to testify that he did not owe Cynthia Green anything. Cynthia Green had asserted, on her direct examination, that he did. She was permitted, on her direct examination, to testify that her husband had a policy of insurance issued by the Knights of Honor for $400, and that Dr. Sherrod owed her that sum of money on account of that policy, and that he gave her $100 on that account, and was to pay her $50 along until he had paid the whole $400. The instrument in the case is a note for $100, payable in two installments of $50 each. Cynthia Green was asked, on cross-examination, whether she got $100 from Dr. Sherrod in payment of the policy issued by the Knights of Honor to her husband, and whether Dr. Sherrod was going to pay her from time to time until he had paid $400, and she replied in the affirmative to all these questions, and stated further, that he was paying her all he did pay her on account of that policy. The policy was sought to be introduced in evidence by the defendant, and it appeared from that, and the evidence in the case, that her husband had no policy, that it had lapsed, and that there was nothing due, of course, to her on such policy. Defendant's counsel offered to show, in connection with this evidence referred to, that Dr. Sherrod was not an officer of the order at all, that he never collected any assessments, that the policy had lapsed, and that nothing was due to Cynthia Green; and the court excluded this testimony. This was erroneous. The testimony should have been received. Cynthia Green was then further asked on the cross-examination if she had not told certain witnesses that she did not remember whether her hus-

band had kept his insurance up or not, and, further, whether she had not told some of these witnesses that she knew he had not paid his assessments, and that the policy had lapsed.   Much testimony along this line as to Cynthia Green's statements was offered to be introduced.   Further than this, it was offered to be shown by the defendant, on the cross-examination of Cynthia Green, that she had told Andrew Courtney that she owed Dr. Sherrod $100.   All this was offered to be shown on the cross-examination of Cynthia Green by Andrew Courtney, E. L. Hackworth, and Caroline Valentine.   In addition to all this, appellant offered to show by Ella Young that Dr. Sherrod went to Cynthia Green to get a payment on this alleged debt of $100, and that she recognized the debt, and said that she would soon be down to his office and pay him, and, specifically, that she (Cynthia Green) then said, after her husband's death in the spring or summer thereafter, when Sherrod had tried to collect part of the alleged debt from her: "Ella, Dr. Sherrod certainly is a good man.   He loaned me $100, and I am going to pay him.   Anybody that would not pay Dr. Sherrod would not pay anybody."   All of the testimony which we have just set out was offered to be established, on the cross-examination of Cynthia Green and by the various witnesses above enumerated, but was excluded by the court.   It should all have been admitted as going to show the motive of Cynthia Green in denying her alleged signature to the instrument charged to have been forged.   It manifestly tended strongly to show that her testimony in denying that she signed the alleged note was probably false, for the reason that she was interested to escape liability.   It all went to motive, and was therefore competent.

We do not at this time notice any other error assigned.

The judgment is reversed, and the cause *remanded*.