ROBINSON v. STATE.

(Division A. April 5, 1937.)

[173 So. 451. No. 32590.]

569

**Joe D. Gordon** and **Jack H. Ewing,** both of Liberty, for appellant.

570

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **Joe D. Gordon**, and **Jack H. Ewing**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**McGowen, J.**, delivered the opinion of the court.

On an indictment for murder, in the killing of Lucius Davis, appellant was tried, convicted, and sentenced to a term in the penitentiary for the crime of manslaughter, and appeals here.

The record discloses that the appellant was indicted for murder on October 21, 1936. On October 22d, he was arraigned and pleaded not guilty to the indictment. The order of the court on the arraignment does not disclose that he was on that day represented by counsel. On the following day, October 23d, the court entered an order reciting that the "court has appointed and does now appoint Joe D. Gordon and Jack H. Ewing as attorneys to represent the said defendant in this cause." The evidence discloses that, on the day of the arraignment, appellant thought that he had arranged for counsel to represent him. On October 28th, the appellant, through his counsel, filed a motion to quash the indictment on the ground that T. A. Sewell was impaneled, and acted, as a grand juror at the time the appellant was indicted, and that on October 1st theretofore he had been appointed and duly commissioned as an election commissioner of Amite county. On the day counsel was appointed, Wednesday, October 28th, was set as the date of trial, and on that day 'the trial proceeded without objection.

In brief, the facts of the killing disclose that on Sunday afternoon, in May, 1936, on the rear porch of a house, unoccupied near a church, there were a number of men drinking and gambling. Appellant offered to sell one of them a pistol, then took it back from him, and pointed at Davis, the deceased, and shot, injuring him fatally. Appellant admitted that he slew Davis and identified the pistol with which the killing was done as his. When the sheriff arrested him some hours after the homicide, the appellant appeared to be intoxicated. The facts of the homicide were not in dispute.

The State, by its instructions, did not undertake to convict the appellant of murder, but submitted the cause to the jury on an instruction for manslaughter on the theory of culpable negligence. Appellant procured instructions on the same line.

1. It will be observed that the record does not dis-

close that counsel appeared when appellant was arraigned and pleaded not guilty to the indictment. On the following day, after the plea was entered, the court appointed counsel for appellant, who appeared and filed a motion to quash the indictment; and, after that motion was overruled, no point was made to the court on the previous order entered by the court as to the arraignment, in other words, the motion to quash was entertained after the plea to the indictment. There was no objection made, nor was the attention of the court called to the fact of its failure to have the appellant arraigned after the appointment of counsel. Nor was there any objection entered that counsel had not had time enough to prepare for the trial.

The motion to quash the indictment was based upon the fact that T. A. Sewell, one of the grand jurors, was an acting member of the board of election commissioners at the time he was appointed to serve on the grand jury, and counsel was not appointed until after the grand jury had been discharged. It is the contention, on the motion to quash, that Sewell was incompetent to serve on the grand jury, because he could not while serving as a member of the board of election commissioners legally and competently qualify to serve as a member of a grand jury under section 2 of article 1 of the Constitution of 1890. Assuming, but not deciding, that the grand juror served both as an election commissioner and a grand juror in the finding and presentment of this indictment, we do not think for that reason the indictment was void. Under section 2029, Code 1930, the only official who is made incompetent by statute is an overseer of a public road. Section 2031, Code 1930, exempts both state and county officials from jury service. Section 2050, Code 1930, makes the impaneling of the grand jury conclusive evidence of its competency except as to fraud. See Dixon v. State, 74 Miss. 271, 20 So. 839; Cain v. State, 86 Miss. 505, 38 So. 227. A deputy sheriff has been held not to be incompetent as a grand juror, and likewise a

member of an election board.  See 28 C. J. 769, section 20 and note.

2.  It is contended that the appointment of counsel by the court one day after his arraignment is reversible error.

Chapter 303 of the Laws of 1934, amending section 1262 of the Code of 1930, provides for the appointment of counsel for a defendant charged with a capital crime in term time or vacation, where he is unable to employ counsel, and that the defendant "shall be entitled to advice of such counsel before he is required to plead to the indictment."  We think the record discloses that the appellant, on the day of the arraignment, was in consultation with counsel, one of whom was subsequently appointed, but failed to make the necessary arrangement for fees.  The order of the court indicates that it had advised counsel that they had been, or would be, appointed.  The statute is mandatory and should be observed by the court in capital cases; and, if we could find in this record a single right denied to the appellant, we would unhesitatingly reverse this case for the violation of the statute.  But, after the appointment of counsel, he was permitted to make a motion to quash the indictment and challenge the competency of a grand juror.  No request was made to the court for any further action, and there is nothing in this record to indicate that appellant did not have a fair and impartial jury and trial.  In this state of the record we do not believe that appellant was denied due process of law.  Another arraignment, after the appointment of counsel, appears in this case to be an idle ceremony.  The case was not immediately brought to trial, but was delayed from Friday, after the appointment of counsel, until Wednesday of the next week; and no further time was asked in order that counsel might investigate or advise further with the appellant.  We think the action of the court below was error, but in this case harmless.  In the interim between the arraignment of appellant and the appoint-

ment of counsel, no step was taken in the case by the court; and the whole trial reveals that no substantial right was denied him. State v. Allen, 174 Mo. 689, 74 S. W. 839.

3. An application for a continuance appears in the record on account of the absence of several witnesses, but does not appear to have been presented to the court as no order was taken thereon. This court will treat such an application as having been waived. Sherrod v. State, 90 Miss. 856, 44 So. 813; Clinton v. State, 163 Miss. 435, 142 So. 17. In this case it also appears that appellant did not pursue his application for a continuance further by having the absent witnesses present in court on a motion for a new trial, or their affidavits, or in any manner further pursue his application for a continuance. There must be continued diligence at every stage of the proceeding in order to avail of an application for continuance based upon absent witnesses. Lamar v. State, 63 Miss. 265; Coward v. State, 158 Miss. 705, 131 So. 254, 257; McKnight v. State, 171 Miss. 152, 157 So. 351.

We find no reversible error in this case.

Affirmed.