RICHARDSON *v.* STATE.

(In Banc.   May 8, 1944.)

[17 So. (2d) 799.   No. 35560.]

**T. J. White,** of Gulfport, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant, a negro man, was convicted and sentenced to death upon a charge of rape. Appellant was the cook in a small restaurant in the crowded city of Pascagoula, and the alleged victim is a white woman who was a waitress in the restaurant. She was about twenty years old, had been married, and the parties had worked to-

gether at the restaurant for some months. The crucial issue in the case, that which makes the difference between crime and no crime, is whether there was a rape by force or the actual equivalent thereof or whether there was consent, positive or passive.

The entire record of the testimony has been read by, or in the hearing of, every member of the court. Fifty years ago in Monroe v. State, 71 Miss. 196, 13 So. 884, the rule, and the philosophy thereof, for the guidance of bench and bar in such cases was laid down, and that rule has never been departed from. It was reaffirmed in the recent case, Upton v. State, 192 Miss. 339, 6 So. (2d) 129. In these cases it was said that it is true that a conviction for rape may rest on the uncorroborated testimony of the person alleged to have been raped, but it should always be scrutinized with caution; and where there is much in the facts and circumstances in evidence to discredit her testimony, another jury should be permitted to pass thereon.

A critical and cautious scrutiny of the record of the testimony discloses that in not less than four material, and in fact decisive, particulars the testimony of the prosecutrix is so highly improbable as to be scarcely believable, except, of course, to one who would simply prefer to believe it, and that when the four are considered together there arises such a doubt of the truth of what she has said on the stated crucial issue as to render the evidence hardly equivalent to a preponderance much less that which must carry conviction to an impartial and unbiased mind beyond all reasonable doubt. A majority of the court are of the opinion, in this respect, that without the so-called confession of appellant he would be entitled to a peremptory charge.

Nor is the confession sufficient in its terms to support a conviction, even if it were of a conclusive effect. But confessions are not conclusive and may be of little weight, Keithler v. State, 10 Smedes & M. 192, 18 Miss. 192, or of great weight according as the particular circumstances

may really warrant, 22 C. J. S., Criminal Law, sec. 843, pp. 1479, 1480. We have considered the so-called confession along with all the other evidence and upon the whole are of the opinion that the testimony is not sufficient beyond all reasonable doubt to sustain the verdict, and that the judgment should be reversed for another trial.

And inasmuch as there may be another trial, we think it better, as was done in the Upton case, supra, not to enter upon a discussion of the evidence in detail or to point out the particulars which have introduced the doubts, the grave doubts, which are inescapable under this record. We have pointed to the rule by which the evidence in cases such as this is to be weighed and that, with what we have otherwise said, is all that is necessary.

It is desired by some members of the court that mention be made of the fact that there hovers in the background of this record the broad issue of due process. The record does not disclose whether the attorney who appeared for the defendant was employed or whether appointed by the court; but, however that may have been, candor compels us to admit that he made only a token defense. We are entitled to take some knowledge of the members of the bar of the Supreme Court, of whom the attorney in this case is one, and we may assert with some confidence that he possesses both ability and energy. Why, then, did he make only a token defense, as to which see Powell v. State of Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527? There must arise, therefore, more than a suspicion that there were such circumstances surrounding the trial, such a prevading atmosphere of prejudice engendered by a probable popular assumption of guilt with the resultant and revolting reaction of outrage, that it was deemed wiser by the attorney to make no more than the defense he did with a hope of a life sentence, and that later, time would come to the relief of the helpless defendant. Such a situation involves due process, the protection of which, above the

interest of the accused in his own life or the prosecutrix in her own vindication, is the supreme duty and responsibility of the court, and both in the trial court and here.

What has been said in the proceeding paragraph has been with reluctance; but because the case is remanded for a new trial, we would interpose this caution against the record coming to us again in any such shape as the present record discloses.

Reversed and remanded.

**Smith, C. J.,** dissents.