McKenzie *v.* State

No. 40793 April 7, 1958 101 So. 2d 651

*S. T. Roebuck, A. B. Amis, Jr., R. S. Majure,* Newton; *W. H. Johnson, Jr., H. R. Gordon, Robert Everett,* Decatur; *W. M. Everett,* Hickory; *H. G. Stamper, L. B. Porter,* Union, for appellant.

*G. Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

GILLESPIE, J.

After appellant's indictment for murder, the court, being satisfied that appellant was unable to employ counsel, appointed nine attorneys to defend him. This was done in ample time for the attorneys to confer with appellant and prepare for trial, in fact, about five months

intervened between the appointment and trial of appellant. The attorneys did not confer with the accused and on the day the case was set for trial filed a motion for continuance on the ground that they had not had proper opportunity to confer with the accused and prepare for trial. It was shown that defense counsel had not conferred with the accused since their appointment. In overruling the motion for continuance, the court offered to allow defense counsel to have a thirty minute conference with the accused. This offer was refused by defense counsel and they say that they refused because thirty minutes would not give them time to prepare the case for trial and they did not desire to prejudice the rights of the accused. Defense counsel contended in their motion, and still contend, that no order was entered for appellant to be held in the Hinds County Jail and that appellant was illegally held in the Hinds County Jail at all times after appointment of counsel except for brief trips to Newton County for arraignment and the setting of the case, and that they were not given ''free access to the prisoner'' as required by the statute. It is undisputed that appellant was put to trial in a capital case where the State demanded and obtained a death penalty verdict without having conferred with his court-appointed counsel prior to trial.

The question presented by this appeal is whether there was compliance with the mandatory provisions of the statute requiring the State to supply counsel to one accused of a capital crime.

Section 2505, Mississippi Code of 1942, provides in part as follows: ''. . . . Where any person is in jail charged with a capital crime, or is indicted for such crime, and the court being first satisfied that such person is unable to employ counsel, such person shall be allowed counsel not exceeding two, to be chosen for him by the judge in vacation, or by the court, to defend him in the circuit court, upon the trial of such charge, and such

counsel selected and appointed by the judge or court shall have free access to the prisoner, who shall have process to compel the attendance of witnesses in his favor, and the defendant shall be entitled to advice of such counsel before he is required to plead to the indictment. . .''

■■ Since this statute first appeared in the Code of 1848, it is to be noted that for more than a century the legislature has provided that the State shall not demand the life of an accused without assuring him the benefit of counsel. Compliance with this statute is mandatory. Robinson v. State, 178 Miss. 568, 173 So. 451. ■■ The right of the accused to have counsel and the requirement that such counsel have free access to the accused includes the right on the part of the accused to be represented by counsel who have conferred with him prior to trial so that the case may be properly prepared for trial. Among the first duties of counsel in preparing a capital case for trial is that of conferring with the accused, and it is a well known fact that no attorney can adequately represent one accused of a capital crime without such conference or conferences. Taking the record of this case as a whole, there is no doubt but that appellant was substantially denied the benefit of counsel. ■■ The duty of the court to assign counsel to defend one accused of a capital crime who is himself unable to employ counsel was not intended to be a mere empty formality; it means more than the mere appointment of counsel. 84 A. L. R. 544; Cf. Richardson v. State, 196 Miss. 560, 17 So. 2d 799.

■■ It is the duty of the court to see to it that one accused of a capital crime is represented by counsel, and when it became known to the court prior to the beginning of the trial that counsel had not conferred and advised with the appellant the court should have taken appropriate steps to assure to the appellant the advantage guaranteed him under Section 2505, Mississippi Code of 1942. Failure to do so was failure to follow the mandatory

provisions of the statute and constituted a denial of due process guaranteed under the Constitutions of the United States and the State of Mississippi. █ The right denied was a fundamental and not a technical one, and prejudice is presumed. The Attorney General has been unable to cite a single authority to justify the affirmance of this judgment.

Since the record shows that defense counsel had never been denied access to the accused prior to the day of trial, and had never requested that he be made available for conference prior to their motion for continuance on the day of the trial, it suggests that trial counsel either neglected their duty to the court and the accused, or failed to confer as a tactical maneuver; and in either event, its apparent approval by this Court could have undesirable consequences in the administration of the law in capital cases; hence, this comment on this aspect of the case. But in view of the contentions of counsel that appellant was illegally held in jail outside the county where he was indicted and that counsel did not have free access to the accused as required by statute, we are not in a position to reflect on the good faith of all the nine attorneys appointed to defend the accused; and are content to say that if it had clearly appeared that there was willful neglect or that the failure to confer was a tactical maneuver, in either event, we would condemn it. While it would not constitute error within itself, we are of the opinion that the unsatisfactory developments in the trial court resulted in part from the appointment of too many attorneys, seven more than the statute provides.

The other contentions raised are without merit.

Reversed and remanded.

All Justices concur.

ROBERDS, P. J., specially concurring:

I concur in the opinion in chief in this case only because, after viewing and evaluating in retrospect, all

circumstances in the case, I think appellant did not have a fair trial. But I do not undertake to attach blame to any one of counsel appointed to defend appellant. Especially does it appear to me that the learned trial judge was free from any and all blame or error. Appointment of counsel to defend accused persons involves consideration of a number of factors. The compensation is nominal and experienced attorneys naturally act reluctantly. Intense public sentiment against defendant may exist, carrying in the public mind some condemnation of the attorney representing him. In this case it is apparent no counsel at the local bar wanted the task of representing defendant, and it is easily conceivable that good judgment by the trial judge might suggest to him the appointment of the entire bar. He did name and specify as chief counsel and special assistant two of the number he had appointed, thereby placing special responsibility on those two attorneys, and thereby complying, in substance at least, with the requirements of the statute.

HALL, J.

I concur in the result reached in this case. The Circuit Judge appointed nine lawyers to defend the accused which included every lawyer in Newton County except the County Prosecuting Attorney. Under Section 2505, Code of 1942, this was seven more than the statute provides and was unfair both to the defendant and the lawyers involved, and was likely to produce just what happened in this case. "What is everybody's business is nobody's business" and "Too many cooks spoil the broth" are well applicable here. Moreover, when the meager fee provided by said statute is divided between nine lawyers, the mere pittance to each is ridiculous and is calculated to produce a neglect of duty in all of them.