SMITH, Justice:
Henry Carr was convicted of the crime of rape in the Circuit Court of Rankin *418 County and sentenced to life imprisonment in the penitentiary. From that conviction and sentence he has appealed.
The single factual issue in the case was whether the complaining witness had or had not consented to the act of sexual intercourse. There was no question as to the fact of intercourse between the parties, nor as to the time and place where it had occurred. Appellant’s contention is that it took place by mutual consent, the complaining witness asserts that it was the result of force and threats.
Appellant and his alleged victim, a woman some seventy-three years of age, were related by marriage. There was a background of many years of close association between them. Appellant claims that throughout much of this period she had engaged voluntarily in intercourse with him many times. She denied this.
On the occasion in question, the complaining witness testified that appellant had asked her to accompany him in his automobile to pick up “something” that he had “hidden.” She got in appellant’s car and they drove to a remote place on a country road and stopped. They got out and appellant raised the hood of his car to indicate car trouble. They then climbed through a barbed wire fence. She says it was a two-strand fence, appellant says it was a five-strand fence. Pictures offered by appellant, and excluded by the court, show that it was, in fact, a taut five-strand barbed wire fence and beyond it, a mass of undergrowth, trees and brambles. In any event, the complaining witness testified that, after going through the fence, she and appellant penetrated into this secluded and overgrown spot, the woman stating that she went because she was still trying to help him find “it.” She heard the dogs of hunters in the woods.
At that time, she said, appellant threw her dress over her head, forced her to the ground, and she being literally sans cul-lottes, had intercourse with her. She did not cry out because he put his hand over her mouth and threatened her with violence. There were no torn clothes (since she wore no pants) and she was not injured. Afterward, she got back in the car with appellant who drove her home.
Numerous grounds are assigned and argued for reversal. Each of these has been examined and considered carefully, in the light of the record.
One of appellant’s contentions is that it was error to exclude certain pictures showing the fence and the secluded spot where the incident occurred. It appears from the record that the accuracy of these pictures was sufficiently established and that they should have been admitted into evidence. If the case were not close upon the facts the exclusion of these pictures might not have been of such substance or materiality as to constitute reversible error. However, the fact of intercourse was admitted and the single issue was that of consent, a matter which rested almost entirely upon the conflicting testimony of appellant and the alleged victim. Under such circumstances, he was entitled, upon the issue of whether the act had or had not been the mutual objective of both parties, to have the jury see the pictures showing the five-strand barbed wire fence through which the woman admitted having voluntarily accompanied him, as well as the tangle of bushes and undergrowth into which it was also admitted by her she had freely gone with him. These were circumstances, more clearly shown by the pictures than in any other way, bearing upon the reasonableness of appellant’s contention that the woman had gone with him, at considerable trouble to herself, through the fence and into the secluded spot in the bushes for the purpose of voluntarily engaging in intercourse. The jury might properly have considered the pictures in resolving the conflict between his testimony and that of the alleged victim as to the mutuality of their excursion and its purpose.
On returning home, the alleged victim reported the incident without undue delay. *419 The appellant says that she did so, not because she had been raped, but because he had told her that he wanted to discontinue their relationship and that this was the last time he would have intercourse with her.
The evidence for the prosecution, as reflected by the record, appears to be sufficient to support a conviction, if accepted by the jury. The photographs were relevant and material and tended to support appellant’s version of the incident. Their exclusion was prejudicially erroneous under the unusual circumstances in this case, and the conviction must be reversed and the case remanded for a new trial. Johnson v. State, 213 Miss. 808, 58 So.2d 6 (1952); Rogers v. State, 204 Miss. 891, 36 So.2d 155 (1948); Richardson v. State, 196 Miss. 560, 17 So.2d 799 (1944).
Other errors assigned either are without merit, or wholly unsupported by the record or of such character as are unlikely to recur upon retrial of the case.
Reversed and remanded.
RODGERS, P. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.