326 So.2d 786 (1976)
Albert ESTES
v.
STATE of Mississippi.
No. 48902.
Supreme Court of Mississippi.
February 10, 1976.
John E. Shaw, Kosciusko, for appellant.
*787 A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, ROBERTSON and SUGG, JJ.
SUGG, Justice.
Petitioner was indicted for and pleaded guilty to two counts of armed robbery at the March 1942 term of the Circuit Court of Attala County. He was sentenced to serve two terms of fifty years in the state penitentiary.[1] In 1974 petitioner filed a petition for writ of error coram nobis in the Circuit Court of Attala County alleging that he was not represented by counsel at the time he pleaded guilty in 1942. Counsel was appointed to represent petitioner in his coram nobis proceeding and a hearing was held on May 14, 1975.
Evidence presented at the hearing revealed that petitioner was indicted on March 5, 1942, for two counts of armed robbery and that he was immediately transferred to the Attala County jail from the Lauderdale County jail where he was being held as the result of other convictions.[2] On March 6, 1942, petitioner appeared for arraignment. He testified that he pleaded guilty, received two fifty year sentences, and was sent to the state penitentiary, all in the same morning. He said that he did not ask for an attorney, did not know that he was entitled to an attorney and, if one was appointed, he never knew about it. Petitioner also testified that he voluntarily pleaded guilty without threats, coercion or promise of reward, that he was in fact guilty of the crimes charged and prior to entering his guilty plea knew the maximum penalty that he could receive. He stated: "It was a capital offense and that's the reason I pled guilty."
Other evidence contradicted petitioner's claim of lack of counsel. Alton Massey, a member of the Attala County bar since 1937, testified that he was appointed to represent petitioner on the day of the arraignment. Massey said that when he informed petitioner of the appointment and his willingness to represent him, petitioner spurned his offer and insisted upon pleading guilty. This conversation lasted approximately ten to fifteen minutes and, because of petitioner's insistence upon pleading guilty, never touched upon the merits of the case. Massey had previously successfully represented an indigent charged with murder. In addition to Massey's testimony, the court records disclosed that Massey was appointed to represent petitioner and was compensated for that representation.
The lower court dismissed the petition with prejudice, concluding that petitioner had been represented by court-appointed counsel who was effective.
Refined to their essence, petitioner's contentions are that he was either denied the assistance of counsel or, alternatively, that the belated appointment of counsel was per se a denial of his right to the effective assistance of counsel.
We find no merit in petitioner's claim that he was not represented by counsel. In 1942 it was mandatory in this state that counsel be appointed to represent a defendant charged with a capital offense. Mississippi Code Annotated section 2505 (1942) (originally enacted as Act of April 4, 1934, ch. 303, § 1); Robinson v. State, 178 Miss. 568, 173 So. 451 (1937). The evidence clearly establishes that the court followed the law and appointed counsel to represent petitioner. However, by his attorney's own admission, the appointment took place no more than fifteen minutes prior to entry of the plea. Did the tardy appointment of *788 counsel deny defendant the effective assistance of counsel?
In Rogers v. State, 243 Miss. 219, 136 So.2d 331 (1962), this Court sustained Rogers' petition for writ of error coram nobis, set aside his guilty plea to manslaughter, vacated his sentence and judgment based thereon and remanded the cause for arraignment and trial. Rogers' plea of guilty was entered within thirty-five minutes after the appointment of counsel; however, the plea of guilty was arranged between the trial judge and Rogers before indictment and the attorney appointed by the court knew nothing of those arrangements. Rogers, along with other defendants, was indicted for murder and before the term of court at which he entered his plea of guilty he and his relatives talked to the trial judge at least fifty times about this case. This Court stated that the case was unique because the person charged with inducing the plea of guilty with promises and persuasion was the judge who accepted the plea and whose duty it was to see that the plea was voluntary. Rogers was sentenced to life imprisonment on his guilty plea to the murder charge. During the same term of court, the judge had Rogers and some of his relatives brought before him and asked if Rogers wished to withdraw his plea of guilty to murder and enter a plea of guilty to manslaughter. Rogers agreed to this and the trial judge, who had previously prepared an order and an agreement to that effect for Rogers' signature, told Rogers to read what he was signing. Following Rogers' plea of guilty to the charge of manslaughter, the judge sentenced him to a seventeen year term in the state penitentiary. Rogers' brother asked the judge if he was going to put Rogers on probation in accordance with his promise, but the judge denied the promise and said that he would not put him on probation. The judge then stated that he had tried to help, "but if you don't want to be helped, I'll leave it just like it is." This Court construed these words to mean that the life sentence would stand if he did not plead guilty to manslaughter. Relief was granted Rogers, not because of the belated appointment of counsel, but because his plea of guilty was induced by the judge who accepted the plea.
A defendant charged with a capital offense may plead guilty or not guilty, and the court may either accept the plea of guilty or decline the plea and put the case to trial on the merits. A plea of guilty will not bind the defendant unless it is entirely voluntary and made by one competent to know the consequences. Such plea is not voluntary if induced by fear, misapprehension, persuasion, promises, or inadvertence. It is the duty of the trial judge to see to it that the guilty plea is voluntary. * * * * And in a capital case proper advice by counsel is a prerequisite to a binding plea of guilty. (243 Miss. at 228, 136 So.2d at 335) (Emphasis added).
"Proper advice" by counsel means that absent a knowing and intelligent waiver of the right to counsel, a defendant should be given such time to consult with his attorney as is demanded by the particular facts of each case. In Rogers there could be no proper advice by counsel because the prearranged guilty plea, itself lacking voluntariness, precluded any advice by counsel. On these facts the Court considered the appointment of counsel a formality tantamount to no appointment:
We said in the recent case of McKenzie v. State, 233 Miss. 216, 101 So.2d 651, that: "The duty of the court to assign counsel to defend one accused of a capital crime who is himself unable to employ counsel was not intended to be a mere empty formality; it means more than the mere appointment of counsel." (243 Miss. at 229-30, 136 So.2d at 336).
In McKenzie v. State, 233 Miss. 216, 101 So.2d 651 (1958), nine attorneys were appointed to defend McKenzie but not one of them conferred with him in preparation *789 for his trial; hence, the appointment was an empty formality. The question of belated appointment of counsel did not arise in McKenzie because his attorneys were appointed long before the trial.
By way of summary, Rogers' plea of guilty was not reversed because only thirty-five minutes elapsed between appointment of counsel and his guilty plea, but because the guilty plea had been induced by the conduct of the trial judge prior to the appointment of counsel. For this reason the plea was not voluntary and the subsequent appointment of counsel was "a mere formality." Clearly, Rogers involved prejudice in addition to the belated appointment of counsel and is not authority for the proposition that belated appointment of counsel is per se a denial of the right to effective counsel.
The United States Supreme Court has refused to hold that the tardy appointment of counsel is per se a denial of the right to effective counsel. Addressing the issue in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the Court said:
Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a per se rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel. (399 U.S. at 54, 90 S.Ct. at 1982-83, 26 L.Ed.2d at 430).
The federal circuits have split in their respective interpretations of Chambers and the weight that tardiness of appointment is to have upon a claim of ineffective counsel. The Fourth Circuit presumes that a belated appointment results in a denial of the right to the effective assistance of counsel and requires the state to prove that the defendant was not prejudiced by the tardy appointment. Garland v. Cox, 472 F.2d 875 (4th Cir.1973), cert. denied, 414 U.S. 908, 94 S.Ct. 217, 38 L.Ed.2d 146 (1973); Fields v. Peyton, 375 F.2d 624 (4th Cir.1967); Cole v. Slayton, 378 F. Supp. 364 (W.D.Va. 1974). The Fourth Circuit's rule has been rejected in most of the federal circuits in favor of a "totality of the circumstances" approach requiring that the prejudice appear from the record or from evidence introduced in behalf of the defendant. Wolfs v. Britton, 509 F.2d 304 (8th Cir.1975); Rastrom v. Robbins, 440 F.2d 1251 (1st Cir.1971), cert. denied, 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971); Moore v. U.S., 432 F.2d 730 (3rd Cir.1970); Mosley v. Dutton, 367 F.2d 913 (5th Cir.1966), cert. denied, 387 U.S. 942, 87 S.Ct. 2074, 18 L.Ed.2d 1328 (1967); U.S. v. Wight, 176 F.2d 376 (2nd Cir.1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). In these circuits, where the belated appointment of counsel has not resulted in a prejudice other than the fact of conviction, the claim of ineffective counsel has been denied. Konvalin v. Sigler, 431 F.2d 1156 (8th Cir.1970); U.S. v. Wight, supra (15 minute conference with appointed counsel prior to entry of guilty plea). More often than not, cases granting relief to a defendant under either of these rules have involved prejudices in addition to belated appointment of counsel. See Wolfs v. Britton, supra where counsel was not allowed an adequate time to examine witnesses, prepare an insanity defense, or have an adequate psychiatric examination of his client; Rastrom v. Robbins, supra, in which an inexperienced attorney was not given time to prepare the case or submit his client for psychiatric examination; Fields v. Peyton, supra, where counsel failed to question the defendant about an improperly charged offense; Mosley v. Dutton supra, in which counsel offered no witnesses in behalf of the defendant and perfected no appeal from his conviction.
*790 We believe that the "concern over short preparation time does not need to be institutionalized in the form of a presumption." Rastrom v. Robbins, supra, at 1254. While an eleventh hour appointment is one factor on the question of effectiveness of counsel, we do not hold that this fact, standing alone, amounts to a per se denial of the right to effective assistance of counsel. Neither will a guilty plea be set aside solely because counsel was appointed at a late hour. The prejudice resulting from a belated appointment of counsel must appear from the totality of the circumstances of the individual case.
When this case is examined in its entirety, it is clear that petitioner was not prejudiced by the appointment of counsel a few minutes before arraignment. The petitioner admitted that he was guilty, and acknowledged that he voluntarily pleaded guilty with knowledge of the consequences of his plea. Further, the plea was entered after a conference, albeit a brief one, with counsel. There is simply no evidence of prejudice to sustain the claim of ineffective counsel. While committed to the principle that the right to effective counsel should not be an illusive right, apparent rather than substantial, we do not find inadequate assistance of counsel where counsel's assistance was spurned by petitioner in favor of an admission of guilt.
As an aside, we note that no record was made of the guilty plea. Since petitioner's conviction, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Alexander v. State, 226 So.2d 905 (Miss. 1969), have required that the record affirmatively disclose that a guilty plea was knowingly and voluntarily entered. This requirement has not been made retroactive. Brady v. U.S., 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756, n. 4 (1970); Taylor v. State, 285 So.2d 172, 176 (Miss. 1973). As to guilty pleas entered prior to Boykin and Alexander, supra, the judge remained under a duty to insure the voluntariness of the plea. In the absence of evidence to the contrary, we assume that he fulfilled his duty. Taylor, supra, at 176-76. Here, our belief that the court insured the voluntariness of the plea has been reinforced by the petitioner's own testimony that he knowingly, voluntarily, and intelligently pleaded guilty.
For the reasons stated, the judgment of the Circuit Court denying the petition for writ of error coram nobis is affirmed.
Affirmed.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] The record does not indicate whether the sentences were to be served concurrently or consecutively.
[2] Petitioner's 1942 conviction in Noxubee County for armed robbery and kidnapping was set aside at the March 1974 term of the Circuit Court of Noxubee County on the ground petitioner was not represented by counsel.