531 So.2d 1210 (1988)
Master BOSTIC
v.
STATE of Mississippi.
No. 58010.
Supreme Court of Mississippi.
September 28, 1988.
*1211 Patricia F. Dunmore, Sanders, Blackmon & Dunmore, Natchez, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the court:
At issue in this appeal is the physical removal from the courtroom of a criminal defendant when his conduct at the trial proceedings becomes disruptive. Finding that the trial judge responded properly to the disorderly defendant, this Court affirms.
Master Bostic was convicted in the Circuit Court of Wilkinson County of aggravated assault and sentenced to twenty years in the Mississippi Department of Corrections. From that conviction he appeals assigning as error the following:
(1) The trial court committed reversible error removing Bostic from the courtroom during the reception of evidence and argument of counsel;
(2) The trial court committed reversible error in refusing to appoint Bostic an attorney after he requested that his court-appointed attorney be dismissed; and
(3) The verdict of the jury was against the overwhelming weight of the evidence.

I.
On the evening of March 28, 1986, the night before the shooting incident involved in the instant charge, the owner of a "juke joint" requested Bostic's help to break up a fight between some female customers. Shortly afterwards, Charles Taylor pulled a gun on one of the women involved in the fight and chased Bostic around a truck with a gun.
The next day, on the morning of March 29, 1986, after seeing a pickup truck driven by Charles Taylor, in which Freddie Davis was a passenger, Bostic told a witness he was "going to kill that M____ F____". Carrying a gun, Bostic then ran across the road in front of the truck and hid in some *1212 bushes. From those bushes a shot was fired, which hit the truck on the right front fender. No one saw Bostic fire the gun. After the shot was fired, Bostic told a witness that "he got that M____ F____".
On September 8, 1986, the Grand Jury of Wilkinson County indicted Master Bostic for the crime of aggravated assault, for attempting to cause serious bodily harm to Charles Taylor and Freddie Lee Davis by firing a rifle at them, under Miss. Code Ann. § 97-3-7(2) which provides in pertinent part:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years.
On September 9, 1986, Bostic, represented by attorney David Crawford, entered a guilty plea, then withdrew the plea of guilty to this charge. At the time he withdrew his guilty plea, Bostic requested the court to dismiss Mr. Crawford and appoint another attorney to represent him. The court granted the request and appointed attorney R.M. Truly to represent Bostic on September 10, 1986. The order appointing Mr. Truly was entered on September 15, 1986. The case was called on September 15, 1986 and both the State and the defense announced they were ready for trial.
At the conclusion of the State's testimony, Bostic announced to the Court that he wanted to confer with the court in chambers in the presence of his attorney. At this time Bostic asked that the case be continued and another attorney appointed to represent him, all of which the court denied.
At the beginning of the defense's case, the trial judge advised the defendant of his right not to testify. Nevertheless, after other defense witnesses had concluded their testimony, Bostic took the stand to testify against his attorney's advice. During his testimony, the defendant directed remarks to the court, was argumentative to the court's directives, and to the attorney's objections, and was generally disruptive to the court's orderly procedure. Rather than responding to questions, the defendant referred to matters that had been properly heard outside the jury's presence, and he was improperly informing the jury of these occurrences. He was removed from the courtroom after his continued outbursts while testifying. The defense rested.
The Court took a recess to allow the defendant time to calm down, and no trial proceedings were held in his absence. Defense counsel did not desire to talk to his client further, but the court did so, and Bostic returned to the courtroom. Bostic stated he had nothing further to say. The trial continued in orderly fashion with Bostic present until the State's rebuttal closing argument. Bostic was again removed from the courtroom after an outburst during the State's closing argument when only a few minutes were necessary to conclude the case.
The jury found Bostic guilty as charged. The court, after considering Bostic's prior record of violent crimes, sentenced him to a term of 20 years imprisonment. On Bostic's request, the court dismissed Mr. Truly as his attorney effective upon Mr. Truly's perfecting an appeal. The court denied the motion for a new trial. Patricia Dunmore was appointed to represent Bostic on appeal.

II.

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY REMOVING MASTER BOSTIC FROM THE COURTROOM DURING THE RECEPTION OF EVIDENCE AND ARGUMENT OF COUNSEL?
One of the most basic rights guaranteed by the confrontation clause of the Sixth Amendment to the United States *1213 Constitution "is the accused's right to be present in the courtroom at every stage of his trial." Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, 356 (1970). In Allen v. State, 384 So.2d 605 (Miss. 1980), this Court held that "an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." 384 So.2d at 607 (quoting Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562, 572 (1975)); Caldwell v. State, 481 So.2d 850 (Miss. 1985); Miss. Const. Art. III, § 26.
The defendant's right to be present at his own trial, however, is not absolute. Illinois v. Allen explicitly held that:
A defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings.
397 U.S. at 343, 90 S.Ct. at 1060.
The United States Supreme Court also listed four constitutionally permissible approaches to control a disruptive defendant:
(1) "Citing or threatening to cite a contumacious defendant for criminal contempt might in itself be sufficient to make a criminal defendant stop interrupting a trial." This sanction, however, would not likely impress a defendant seeking to prevent any trial or facing a "severe sentence such as death or life imprisonment." 397 U.S. at 345, 90 S.Ct. at 1061.
(2) As an additional contempt remedy, "when exercised consistently with state and federal law, to imprison an unruly defendant ... for civil contempt and discontinue the trial until such time as the defendant promises to behave himself." 397 U.S. at 345, 90 S.Ct. at 1061.
(3) Removal of the "defendant from the courtroom and [a] continu[ance of] his trial in his absence until and unless he promise[s] to conduct himself in a manner befitting an American courtroom" is a third alternative. 397 U.S. at 345, 90 S.Ct. at 1061. In Allen, supra, the defendant was warned prior to his removal and constantly informed that he could be returned when agreeing to conduct himself in an orderly manner. 397 U.S. at 346, 90 S.Ct. at 1062.
(4) Binding and gagging a defendant, thereby keeping him present in the courtroom, is a last alternative. It may well affect the jury's attitude toward the defendant, and it is an "affront to the very dignity and decorum of judicial proceedings." 397 U.S. at 344, 90 S.Ct. at 1061.
A waiver of a constitutional right is ordinarily valid only if there is "an intentional relinquishment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). The warning informs the defendant of the consequences of his actions. If a defendant then persists in his disruptive conduct, he has made a knowing and intelligent waiver of his right to be present at trial.
This Court has previously considered the physical removal of an obstreperous defendant from the courtroom in Walters v. State, 391 So.2d 645 (Miss. 1980). In Walters the defendant was warned by the judge that he would be removed if he continued his disruptive conduct. The defendant was further instructed that he would be allowed to return to the courtroom when he agreed to control himself and not disrupt the court. Walters at 647-648.
In the case at bar, Bostic was not initially warned that he would be removed if he continued his disruptive behavior. However, the trial judge did allow Bostic's feelings to cool, and no proceedings were had in his absence. His private conference with the defendant is not of record. Upon the defendant's return, he was given an opportunity to continue his testimony which he declined. The trial proceeded in an orderly manner until minutes before the *1214 last argument. Again, although the trial judge did not initially verbally warn the defendant that he would be removed for disruptive conduct, it cannot be said that the defendant was unaware that his disruptive conduct was the reason for his first removal and that continued disruption would result in a second removal. These occurrences amount to a warning. Additionally, the record does not reflect the discussion that occurred between the trial judge and the defendant in chambers.
This Court holds that the trial judge's actions were consistent with Illinois v. Allen, supra.
It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated.
397 U.S. at 343, 90 S.Ct. at 1061. It is also noted there was no objection contemporaneously with the final argument nor at the motion for a new trial on this point. This assignment of error is denied.

III.

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY REFUSING TO APPOINT MASTER BOSTIC AN ATTORNEY AFTER HE REQUESTED THAT HIS COURT-APPOINTED ATTORNEY BE DISMISSED?
Bostic avers that Mr. Truly was appointed to represent him on the day of trial and that he requested a continuance and another lawyer in order to prepare for trial. This is not the case.
On September 9, 1986, when Bostic entered and withdrew his guilty plea, he requested the court to dismiss Mr. Crawford as his attorney and appoint another attorney to represent him. The court granted the request and appointed Mr. Truly to represent Bostic on September 10, 1986. The order appointing Mr. Truly was entered on September 15, 1986, the same day this case was set for trial. Importantly, there was no defense request for a continuance before trial.
It is primarily within the sound discretion of the trial court to determine the amount of time to allow an accused to prepare a defense. Robinson v. State, 77 So.2d 265 (Miss. 1955), cert. denied, 350 U.S. 851, 76 S.Ct. 91, 100 L.Ed. 757 (1955); Barnes v. State, 249 So.2d 383 (Miss. 1971). Even an "eleventh hour" appointment of counsel does not amount to a per se denial of the right to effective assistance of counsel. Estes v. State, 326 So.2d 786 (Miss. 1976).
Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a per se rule requiring reversal of every conviction following tardy appointment of counsel... .
Id. at 789 (quoting Chambers v. Maroney, 399 U.S. 42, 54, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419, 430 (1970)).
Considering the totality of the circumstances, Bostic was not prejudiced by the appointment of counsel five days before trial. The trial court, therefore, did not abuse its judicial discretion.
At the conclusion of the State's testimony, Bostic announced to the court that he wanted to confer with the court in chambers in the presence of his attorney. At this time Bostic asked that the case be continued and another attorney appointed to represent him, all of which the court denied.
In addition, both the motion for continuance and the request of the defense counsel to withdraw as counsel were untimely made and, therefore, not worthy of favorable consideration. Collins v. State, 369 So.2d 500 (Miss. 1979); McClendon v. State, 335 So.2d 887 (Miss. 1976).
The trial court, therefore, did not err in its appointment of Mr. Truly as counsel for Bostic or in its denial of both the motion for continuance and the request of the defense counsel to withdraw.

IV.

WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
There is no requirement that every element of a crime be proven by direct *1215 evidence. "A conviction may be had on circumstantial evidence alone." Robinson v. State, 418 So.2d 794, 795 (Miss. 1982); Tolbert v. State, 407 So.2d 815 (Miss. 1981).
When the State's case is based wholly upon circumstantial evidence, the State is required to prove "the appellant guilty not only beyond a reasonable doubt but also to the exclusion of every reasonable hypothesis consistent of innocence." Billiot v. State, 454 So.2d 445, 461 (Miss. 1984); See also Tigner v. State, 478 So.2d 293, 295 (Miss. 1985); Flemmons v. State, 419 So.2d 1034, 1036 (Miss. 1982). In the case at bar, the jury was properly instructed as to the State's burden of proof in circumstantial evidence cases.
In considering the sufficiency of the evidence, "this Court must accept as true the evidence which supports the verdict." Spikes v. State, 302 So.2d 250, 251 (Miss. 1974); Murphree v. State, 228 So.2d 599 (Miss. 1969). The evidence permitted the logical inference that Bostic fired the gun. The evidence was, therefore, sufficient to support the verdict of the jury.
Finding no reversible error, the court affirms the verdict and sentence against this defendant.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.