IN THE SUPREME COURT OF MISSISSIPPI
NO. 96-KP-00166-SCT

*GREGORY APPLEWHITE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/96 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH JR. |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | PHILIP WEINBURG |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/2/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Gregory Applewhite, petitioner, appeals a decision by the Circuit Court of Quitman County denying his petition for post-conviction relief. We affirm.

### PROCEDURAL BAR

Applewhite's motion is procedurally barred as a successive writ pursuant to Miss. § 99-39-23(6) (Supp. 1997). ***Grubb v. State***, 584 So. 2d 786, 788 (Miss. 1991) (holding that the trial court correctly denied, as a successive write, defendant's second motion for post-conviction relief). Section 99-39-23(6) states, in its pertinent part, as follows:

> The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive

until reversed. It shall be a bar to a second or successive motion under this chapter.

Applewhite filed his first post-conviction motion on May 17, 1993. He did not perfect an appeal from the denial of that motion. Then on April 4, 1995, Applewhite filed his second motion for post-conviction relief. It is from the denial his second or successive motion that he appeals to this Court.

Applewhite never took an appeal from the 1993 motion and thus the court's denial of that motion is final and conclusive because it has not been reversed. *Grubb*, 584 So. 2d at 788. Because Applewhite neither perfected an appeal from the denial of his 1993 motion nor did he petition the court for an out-of-time appeal, any appeal from the denial of the 1993 motion to vacate is time barred. Therefore, this Court finds that Applewhite's 1995 motion for post-conviction relief is procedurally barred as a successive writ pursuant to The Post-Conviction Relief Act. Therefore, the judgment of the circuit court must be affirmed. The Court will briefly address the following issues Applewhite cites as the basis for his petition for relief which are all without merit:

## ISSUE I

**WHETHER THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S GUILTY PLEA WHEN IT FAILED TO ADDUCE A SHOWING THAT DEFENDANT'S GUILTY PLEA WAS SUPPORTED BY A FACTUAL BASIS THEREFORE RENDERING THE PLEA INVOLUNTARY.**

Applewhite claims his petition for post-conviction relief should have been granted because there was no adequate factual basis to support the court's acceptance of his guilty plea. *Corley v. State*, 585 So. 2d 765 (Miss. 1991). In *Corley,* this Court held that the requirement to establish a factual basis is that "there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, 'that the defendant's conduct was within the ambit of that defined as criminal.'" 585 So. 2d at 767. Rule 3.03(2) of the Uniform Criminal Rules of Circuit Court Practice (superseded by U.R.C.C.C., 8.04) requires that before a court may accept a defendant's guilty plea, it must have before it "substantial evidence that the accused did commit the legally defined offense to which he is offering the plea." *Miss. Unif. Crim. R. Cir. Ct. Prac.* (1979, as amended). Applewhite admitted his guilt of murdering Valerie Neyland, after hearing the indictment read by the State's attorney. The trial judge asked the State's attorney to read the substance of the charge against Applewhite from his indictment. Upon completion of the reading of the indictment, which set out the elements of the crime of murder, the trial judge asked Applewhite, "[d]id you commit this crime?," to which Applewhite answered yes. This Court, therefore, finds there is adequate factual basis to accept Applewhite's guilty plea. *Henderson v. Morgan*, 426 U.S. 637, 96 S. Ct. 2253, 49 L.Ed.2d 108 (1976).

## ISSUE II

**WHETHER THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S GUILTY PLEA WHEN HE DID NOT FULLY UNDERSTAND THE NATURE OF THE CHARGE AGAINST HIM.**

Applewhite next claims that he did not understand the nature of the charge against him. The trial judge questioned Applewhite thoroughly about his understanding of a guilty plea. The State gave

concise facts describing the crime and its elements. And the defendant knowingly, understandingly, voluntarily, and freely entered a plea and accepted the substance of the charge against him as set out in his indictment and read by the prosecutor at the hearing.

The lower court did not err in accepting Applewhite's guilty plea. The trial judge specifically told the defendant that "if you want to stop me and talk with your attorney about any questions I ask you before you answer these questions, you are free to do that." The trial judge followed by asking Applewhite if he understood that he was charged with murder and if he understood the charges against him, to which Applewhite answered yes. As such, this Court finds that the trial judge did not err in accepting his guilty plea.

## ISSUE III

**WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

Applewhite's final assignment of error is that he was denied effective assistance of counsel. He claims that because his attorney was appointed on the same day his guilty plea was taken, he was denied his right to effective assistance of counsel. Applewhite further alleges that his counsel failed to inform him that the maximum sentence for murder is life in prison and there is no minimum sentence for this crime, thereby denying him effective assistance of counsel.

Ineffective assistance of counsel is reviewed under the standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by this Court in *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985). The two-part test as set out in *Strickland* states that petitioner must show that counsel was so deficient that he was not functioning as guaranteed by the 6th Amendment and that petitioner was prejudiced by counsel's ineffectiveness. This Court further held in *Odom v. State*, 498 So. 2d 331, 333-334 (Miss. 1986), that petitioner must show that but for deficiency of counsel, he would not have pled guilty.

Applewhite offers no evidence to support his claim of ineffective assistance of counsel. Moreover, Applewhite does not claim that he would not have entered a plea of guilty had it not been for any errors by his counsel.

Finally, Applewhite's claim that because his counsel was appointed on the same day his plea was taken rendered his plea involuntary is without merit. This Court held as much in *Estes v. State*, 326 So. 2d 786 (Miss. 1976) (holding that appointment of counsel 15 minutes prior to entry of guilty plea did not deny petitioner effective assistance of counsel).

As the record indicates, Applewhite was properly advised by his counsel. Furthermore, the record shows that the trial judge inquired as to Applewhite's satisfaction with his legal representation and no objection was offered by the petitioner.

For the foregoing reasons the judgement of the circuit court is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**