IN RE BERTIE ROBINSON.

[FILED MARCH 11, 1890.]

**Habeas Corpus: IMPRISONMENT WITHOUT EXTRADITION.** When
a person is arrested in a sister state, and, without being extra-
dited, is forcibly brought into the jurisdiction of this state to
answer to a criminal offense, and is committed to jail to await
trial on such charge, *held,* that such person is unlawfully de-
prived of his liberty and is entitled to be discharged on *habeas
corpus.*

ORIGINAL application for a writ of *habeas corpus.*

*W. K. Brown,* and *J. R. Webster (McClure & Anderson*
with them), for petitioner:

Where one is illegally arrested in one state and, by fraud,
deceit, or other means, inveigled into another state, the lat-
ter acquires no jurisdiction over him. (*Van Horn v. Mfg.
Co.,* 37 Kan., 523; *State v. Simmons,* 39 Id.; 262; *State
v. Hall,* 40 Id., 338, and cases cited; *In re Cannon,* 47
Mich., 481; *State v. Vanderpool,* 39 O. St., 273; *Compton
v. Wilder,* 40 Id., 130.)

*A. Y. Wright, contra:*

Mere trickery, or even fraud, in getting Robinson into
Nebraska, will not, unless force was used, oust the courts
of this state of jurisdiction. (7 Am. & Eng. Encyc. of
Law, 651–3; *Ex parte Bushnell,* 8 O. St., 601–2; *In re
Doo Woon,* 18 Fed. Rep., 898; *In re Robb,* 19 Id., 26;
*Ex parte Morgan,* 20 Id., 298; *State v. Hall,* 10 Am.
St. Rep., 209–10 [annotated case]; *State v. Ross,* 21 Ia.,
467, 470; *In re Brown,* 8 Crim. Law Mag., 313; article
in 11 Crim. Law Mag., 167, 168; *Kerr v. People,* 110
Ill., 627.)   A prisoner will not be released on *habeas cor-
pus* unless his commitment was beyond the jurisdiction of

the lower court. (1 Thompson on Trials, secs. 141, 142; *In re Milburn*, 17 N. W. Rep., 965; *In re Pierce*, 44 Wis., 411; *In re Eldred*, 46 Wis., 530.) If the lower court erred, the remedy is by error proceedings. (Thompson on Trials, sec. 143.

NORVAL, J.

A petition was filed in this court on the 6th day of February, 1890, on behalf of Bertie Robinson for a writ of *habeas corpus*. It appears from the petition and evidence that a complaint in writing was made before the county judge of Furnas county on September 10, 1889, charging the petitioner with stealing a horse, the property of one Ira B. Huff, and that on the 24th day of the same month one E. M. Matson filed a complaint before a justice of the peace of Sherman county, Kansas, charging the petitioner with stealing, in said Furnas county, the aforesaid horse. The said justice issued a warrant for the arrest of the petitioner, who was afterwards arrested and taken before said justice of the peace. On motion of the county attorney the prosecution was dismissed. Robinson was by order of the justice delivered to the custody of said Matson, a constable of Red Willow county, Nebraska, who, forcibly and against the will and consent of Robinson, and without any warrant, requisition, or other legal process, conveyed said Robinson out of the state of Kansas into the state of Nebraska, where he delivered said Robinson up to the sheriff of Furnas county for prosecution for said crime. The petitioner was taken before the county judge of said Furnas county, who held the petitioner to the district court of said county to answer said charge, and in default of bail said petitioner was committed to the jail of said county, where he has ever since been deprived of his liberty by the respondent as sheriff of said county. On the 9th day of December, 1889, an information was filed in said district court charging said Robinson with the

crime of horse stealing.   On the following day, on being arraigned in said court, he pleaded not guilty to said charge, and on the same day he prayed said district court to discharge him from custody because he was arrested in the state of Kansas and was brought forcibly and without any requisition into this state and delivered to the sheriff of said county to answer said accusation.   The motion was overruled and the exception was entered.   On the 11th day of December Robinson was tried for said crime in said district court, and the jury failing to agree upon a verdict, it was discharged and Robinson was remanded to the custody of the respondent to await further trial.

But a single question is presented for our consideration, and that is, whether or not, under the foregoing facts, the district court of Furnas county had jurisdiction of the person of the petitioner in the criminal case pending therein against him.   We think the answer should be in the negative.   There can be no doubt that jurisdiction cannot be acquired in a civil case when the summons is served upon a defendant who was brought into the jurisdiction of the court by force, fraud, or deceit for the purpose of obtaining service of summons upon him.   (*Wanzer v. Bright*, 52 Ill., 35; *Williams v. Reed*, 29 N. J. Law, 385; *Dunlap v. Cody*, 31 Ia., 260; *Van Horn v. Great Western Mfg. Co.*, 37 Kan., 523; *Townsend v. Smith*, 3 N. W. Rep., 439 [47 Wis., 623]; *Allen v. Miller*, 11 Ohio St., 374; *Compton v. Wilder*, 40 Ohio St., 130.)

The same rule obtains in criminal prosecutions.   Nearly the entire current of authority in this country is to the effect that when a fugitive from justice has been extradited from one state to another, he cannot be prosecuted in the state to which he has been surrendered on an offense other than the one for which he was extradited, before he has had an opportunity to return to the state from whence he was brought.   (*In re Cannon*, 47 Mich., 481; *State v. Vanderpool*, 39 Ohio St., 273; *Ex parte Hibbs*, 26 Fed.

Rep., 421; *U. S. v. Rauscher*, 119 U. S., 407; *State v. Hall*, 19 Pac. Rep. [Kan.], 918; *Waterman v. State*, 18 N. E. Rep. [Ind.], 63.)

In principle there is no difference between the case at bar and where a person is held for an offense other than the one he was extradited for. In either case it is an abuse of judicial process, which the law does not allow. Ample provisions are made for the arrest and return of a person accused of crime, who has fled to a sister state, by extradition warrants issued by the executives of the states. There is no excuse for a citizen or officer arresting, without authority of law, a fugitive, and taking him forcibly and against his will into the jurisdiction of the state for the purpose of prosecution. We cannot sanction the method adopted to bring the petitioner into the jurisdiction of this state. He did not come into the state voluntarily, but because he could not avoid it. The district court, therefore, did not acquire jurisdiction of the person of the petitioner and his detention is unlawful. (*State v. Simmons*, 39 Kan., 263; *State v. Hall*, 40 Id., 338; *In re Cannon*, 47 Mich., 481.)

While many authorities hold to the contrary doctrine, we prefer to adopt the rule that seems to be based upon reason, and which recognizes honesty and fair dealing.

The petitioner will be discharged.

JUDGMENT ACCORDINGLY.

THE other judges concur.