229 So.2d 53 (1969)
Willie James STEWART
v.
STATE of Mississippi.
No. 45685.
Supreme Court of Mississippi.
December 1, 1969.
*54 Reuben V. Anderson, Fred L. Banks, Jr., John A. Nichols, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice.
The appellant, Willie James Stewart, a negro, was indicted for forcible rape of Mrs. Anne Yarema, a white woman, by the Grand Jury of Harrison County, Mississippi, at the February term, 1969. He was arraigned at the April term and pleaded not guilty. His trial was set for April 30, 1969. On the date of his trial, he changed his plea to "guilty." His attorney was present and agreed to the plea. The trial judge examined the defendant as to whether or not he understood that he could receive the death penalty as a result of his plea. The appellant stated that he did understand; whereupon, a jury was empaneled and carefully examined as to whether or not they had any conscientious scruples as to the infliction of the death penalty. Some of the jurors were excused, because they admitted that they could not return a verdict in any event that would result in the death penalty. During all this procedure, defense counsel said nothing. Although several jurors knew about the case, defense counsel did not challenge any juror for cause. He finally peremptorily challenged six jurors.
The prosecution introduced the prosecutrix, and several other witnesses, who testified at length and in detail with reference to the facts involved in the crime. Attorney for defendant made no objections to the questions propounded by the district attorney although the district attorney asked leading questions. The attorney for the defendant waived all cross examination of all these witnesses. He did not offer a single witness for the defense. He requested no instruction on behalf of the defendant, and so far as this record shows, did nothing for the defendant until after the case had been tried and the verdict returned. The State asked and received from the court only one instruction. During its deliberation the jury informed the court that it desired to ask a question. The court summoned the attorneys for the State and the defense to the bar and had the jury return into the courtroom. The jury wanted to know:
"We would like to know what the law says about parole in a case of this type? What are the implications of life imprisonment?"
The court replied:
"All the Court can tell you is that we will have to let the law take care of that; in other words, that isn't your responsibility."
The attorney for the defense asked no instruction of the court in an effort to answer the questions propounded by the jury.
Twenty-nine (29) minutes later the jury then returned its verdict:
"We the Jury find the defendant guilty as charged."
The record does not reveal whether or not the jury was polled in view of the jury's interest as to life imprisonment. A motion was then made for a new trial and promptly overruled.
*55 The case is now before this Court on an appeal and the appellant has filed several assignments of error as grounds on which it is said this case should be reversed. We pretermit any discussion on any of them except wherein it is said the trial of the defendant in the circuit court denied the defendant due process of law, in that he was tried and convicted without adequate assistance of counsel.
The Mississippi Constitution guarantees that:
"In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, * * *." Mississippi Constitution, Art. 3, § 26 (1890)
This guarantee is not illusional theory, but it is a genuine positive command, and without it due process of law is impossible.
Section 2505, Mississippi Code 1942 Annotated (Supp. 1968), requires the court to appoint an attorney for persons "unable to employ counsel" in all cases of "capital crime." This requirement is mandatory. McKenzie v. State, 233 Miss. 216, 101 So.2d 651 (1958). Moreover, where a prisoner is being tried for his life he is entitled to effective assistance of attorneys appointed or employed to aid the defendant. McKenzie v. State, supra.
In a fine opinion written by Judge Taylor in the case of Smotherman v. Beto, 276 F. Supp. 579 at 586 (5th Cir.1967), the court said:
"* * * When the adequacy of a defense rendered by an attorney is subjected to attack, the relevant consideration is not whether the case was lost where it could have been won, but whether counsel `stood still and did nothing,' * * * to the extent that his representation failed to render reasonably effective assistance to the accused. * * *"
In the case of Brooks v. State, 209 Miss. 150, 46 So.2d 94, at page 96 (1950), the court said:
"Appellant had employed a lawyer, and such attorney was present during the trial. However, the record fails to show objections to the violation of constitutional and fundamental rights, as pointed out above. As a matter of fact, there is not a single objection in the record, nor was a motion for a new trial made.
"* * *
"Besides, no person can be deprived of his liberty except by due process of law. Section 14, Article 3, Mississippi Constitution. * * *" (46 So.2d at 97)
It has also been said:
"The reviewing court is not privy to circumstances confronting the lawyer in an ongoing trial, and is naturally reluctant to criticize actions that may have been taken for perfectly proper reasons." 78 Har.L.Rev. 1443.
On the other hand, this same article has this to say at page 1451:
"In theory, the defendant who has established that his counsel was ineffective has been deprived entirely of his constitutional right to counsel. His conviction followed a proceeding that lacked due process of law and should be entirely void. If the claim was raised by appeal or collateral attack after conviction, the appropriate remedy is usually to set aside the conviction and order a new trial. * * *"
Other courts have pointed out:
"There is a vast difference between lacking the effective assistance of competent counsel and being denied the right to have the effective assistance of competent counsel. It is the denial of the right to have such assistance that gives the right to challenge a judgment of conviction * * *." Miller v. Hudspeth, *56 176 F.2d 111, at 119-120 (U.S. 10th Cir.1949); Hudspeth v. McDonald, 120 F.2d 962, at 968 (U.S. 10th Cir.1941).
It is, of course, true that a person charged with crime is only entitled to a fair trial and not a perfect trial. United States ex rel. Weber v. Ragen, 176 F.2d 579 (7th Cir.1949). Moreover, the mere fact that the defendant was convicted is not indicative of the inadequacy of counsel. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667 (1945). Nevertheless  when representation given by an attorney to one charged with crime punishable by death becomes so patently lacking in competence, or so inadequate that it becomes apparent, or should become apparent to the trial judge, it then becomes the duty of the court to be aware of the situation and to correct it. People v. Tomaselli, 7 N.Y.2d 350, 197 N.Y.S.2d 697, 165 N.E.2d 551 (1960).
We agree with the sentiment expressed by the court in MacKenna v. Ellis, 280 F.2d 592 at 599 (U.S. 5th Cir.1960), wherein the court said:
"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. We consider undivided loyalty of appointed counsel to client as essential to due process."
In the case of Smotherman v. Beto, 276 F. Supp. 579 at 586 (U.S. 5th Cir.1967), the court said:
"When appearance of Counsel takes on the cloak of pro forma rather than that of zeal and action, the defendant has not had his day in court. Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158."
In the case of Brubaker v. Dickson, 310 F.2d 30 at 37 (U.S. 9th Cir.1962), the court summed up the foregoing legal principles and said:
"The test to be applied in determining the legal adequacy of the allegations of appellant's petition is readily stated: `The requirement of the Fourteenth Amendment is for a fair trial'; the due process clause `prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right.' Compliance with this standard required that appellant, charged with a capital offense, be represented at trial by counsel.
"But the constitutional requirement of representation at trial is one of substance, not of form. It could not be satisfied by a pro forma or token appearance. Appellant was entitled to effective aid in the preparation and trial of the case.'" (See also McKenzie v. State, supra.)
The question as to when and under what circumstances the trial judge should act to guarantee that a defendant in a capital case is properly and adequately represented is a matter to be determined by the judge in each case. However, when the case has progressed to a point when it is apparent, or should be apparent, that the attorney for the defendant is either incompetent or is doing nothing to represent the interest of the defendant, the court should take such appropriate action as may appear to be necessary to insure the defendant a fair trial. He may appoint additional counsel or grant a new trial or take such other appropriate action necessary within his sound judicial discretion.
We are of the opinion that the appellant in the instant case was not adequately represented and that he has not been accorded due process of law required by the Mississippi Constitution and for that reason the case must be reversed for a new trial.
*57 There is another impelling reason why we must grant a new trial in this case: There is grave doubt that the defendant entered a plea of guilty under the requirements of the law of this state.
Section 2564, Mississippi Code Annotated (1956), is in the following language:
"A person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court; and a person charged with an offense shall not be punished therefor unless legally convicted thereof in a court having jurisdiction of the cause and of the person."
In the recent case of Alexander v. State, 226 So.2d 905 (Miss. 1969), we held that a plea of guilty by an attorney for a defendant in a felony case was invalid. We then pointed out that in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that:
"It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. * * * We held: `Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. * * *"
Whereupon, this Court said:
"We think that the same standard must be applied to determine whether a guilty plea is voluntarily made. * * *" (226 So.2d at 909)
In the instant case the defendant never "confessed his guilt in open court," nor did he admit "the truth of the charge against him by his plea."
The record shows that the court advised him as to the punishment for the crime for which he was charged and asked if he had been threatened or intimidated. The attorney for defendant advised the court that the defendant desired to change his plea to guilty, but defendant never said he was guilty.
Inasmuch as there is grave doubt that the defendant himself ever entered his plea of guilty; and since this case must be reversed because of the lack of adequate representation, we are of the opinion that the defendant should be rearraigned and permitted to plead over, so that defendant may be properly represented by counsel at the time of his rearraignment.
This case is therefore reversed and remanded for a new trial to accord with the foregoing opinion.
Reversed and remanded.
All Justices concur.