345 So.2d 613 (1977)
Theopha BERRY
v.
STATE of Mississippi.
No. 49658.
Supreme Court of Mississippi.
April 27, 1977.
Rehearing Denied May 25, 1977.
*614 F. Kent Stribling, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice, for the Court:
Theopha Berry was indicted in the Circuit Court of Hinds County for attempted armed robbery; he was indigent and the court appointed an attorney for him. Berry was convicted, he appealed to the Mississippi Supreme Court, and the case was affirmed. Berry v. State, 288 So.2d 457 (Miss. 1974). Subsequently, he applied for a writ of error coram nobis in this Court, the petition was heard before Circuit Judge Russel Moore and was denied. From that judgment he again appeals to this Court.
Appellant contends that his constitutional rights were violated in that he was represented by ineffective counsel in the trial of his case.
On the night of September 28, 1972, after an extended drinking bout with friends, appellant went to Joe's Package Store in the City of Jackson, told its proprietor that he wanted some whiskey, then pulled out a pistol, pointed it toward J.P. Murphy, who stood behind the cash register, and told him "This is a stickup." Lawrence Anderson, an employee of the store, was behind the counter, he told appellant that there were police outside, and when appellant turned his head to look, Anderson dropped down behind the counter and got a pistol. Berry shot at Anderson, who returned the fire. Several shots were exchanged by them and one bullet from Anderson's gun hit appellant in the abdomen. Thereupon, he fled the scene. Later, he was taken to University Hospital by a friend, where the bullet was removed from his body and was delivered to a police investigator. It was identified as having been fired from the Anderson gun.
Appellant's counsel had been practicing law five (5) months at the time of his appointment to represent appellant. He had tried civil cases, but had not tried a criminal case. Appellant argues that his counsel was ineffective in the following respects:
(1) He declined to request a special venire for the case. However, there were thirty-six(36) jurors present in the courtroom from the regular panel, and they were thoroughly voir dired. It is not unusual or uncommon in many jurisdictions for attorneys not to request a special venire where there are a sufficient number of regular jurors on the panel.
(2) He failed to file a motion and secure an order for discovery. The record shows that this was not necessary, since the police voluntarily turned over their entire file to counsel, including all the physical and documentary evidence. The trial judge also made the statement that in the Hinds County jurisdiction, many times the court orally instructs the district attorney and police investigators to turn over all the investigation files and materials to the defendant's attorney.
(3) He failed to file a motion to suppress an oral confession given to the police sergeant. Appellant defended the case on the theory that he was so intoxicated he could not form an intent to commit robbery. At the trial, he testified to practically the same facts related in his statement to the police. He testified that he was drunk when he entered the store. In his oral statement, he said that he had been drinking. Counsel explained that he did not object to the oral *615 statement for the reason that he did not wish to emphasize the testimony of the police officer.
(4) He failed to make any objections during the entire trial. The issue was simple  whether appellant was too drunk to form an intent to commit robbery. It is not indicated from the record that objections to procedures during the trial would have rendered appellant any help or comfort.
(5) He failed to poll the jury on its verdict. The case presented by the State overwhelmingly proved the guilt of appellant. It was discretionary to have the jury polled. In many jurisdictions, competent and experienced attorneys do not ask for the jury to be polled.
(6) He elicited from appellant the fact that he had been arrested on two other occasions. Appellant's attorney asked him whether he had ever been arrested, and he answered, "Two times." He said that one time was for buying a teenager beer and the other was for running into a telephone pole. Trial tactics of the attorney probably were to show that appellant had no record and had never been arrested for any serious offenses, but only for two insignificant matters.
(7) He failed to request the court to allow appellant to be heard before imposing sentence. While the record here is without the judgment and sentence, it is a matter of common practice for all circuit judges to ask the defendant and his attorney whether they have anything to say before sentence is pronounced. Allocution is not a matter of right.
The defendant in a criminal case does not have a right to a perfect trial or to the best counsel. He is entitled to a fair trial and to effective counsel.
In Stewart v. State, 229 So.2d 53 (Miss. 1969), the Court said:
"We agree with the sentiment expressed by the court in MacKenna v. Ellis, 280 F.2d 592 at 599 (U.S. 5th Cir.1960), wherein the court said:
`We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. We consider undivided loyalty of appointed counsel to client as essential to due process.'" 229 So.2d at 56.
This Court, in Parham v. State, 229 So.2d 582 (Miss. 1969), cited the following from Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932):
"[A]ppointed counsel is required to provide active and zealous representation rather than engage in a pro forma exercise which is not according legal representation in any substantial sense. (287 U.S. at 58, 53 S.Ct. 55).
The rule in Powell, however, does not mean that the method of procedure used by one attorney is to be judged by the `hindsight and method another attorney might have used' under similar circumstances. Nor is `inadequacy of counsel' to be determined by whether or not the case was won or lost. It does mean representation so lacking in competence that it becomes apparent or should be apparent that it is the duty of the trial judge to correct it so as to prevent a mockery of justice. Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 202 A.2d 299 (1964); Williams v. Beto, 354 F.2d 698 (5th Cir.1965); 24 A.L.R. 1025 (1923); 74 A.L.R.2d 1390 (1960)." 229 So.2d at 583-584.
Appropriate language applicable to this case was used in Rogers v. State, 307 So.2d 551 (Miss. 1976):
"It is easy to be a Monday morning quarterback, and in retrospect to pick out defects and flaws in the way the game was played the preceding Saturday. The same is true in analyzing trial tactics and strategy of trial counsel, after the trial is over and the verdict in. We all have 20/20 vision in hindsight; the difficulty is in having 20/20 vision in foresight." 307 So.2d at 552.
Appellant's counsel was industrious in the investigation and preparation of *616 his defense. He was zealous and aggressive in the trial of the case, and he adequately presented the only defense appellant had. The effectiveness of an attorney's work and trial procedure in a criminal case is not determined or measured by whether the verdict is "guilty" or "not guilty." We think that appellant had competent and effective counsel in the trial of his case, and that he received a fair trial. His contention that his constitutional rights were violated because of ineffective counsel is without merit. The judgment of the lower court, therefore, is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.