LEE, Justice,
for the Court:
Eugene L. Pasto was jointly indicted for forgery with Martha M. Miller in the Circuit Court of Lee County, was separately tried, convicted and sentenced to six (6) years. He appeals pro se from that sentence and assigns the following errors in the trial below:
(1)The court lacked jurisdiction to try the case, because of an illegal arrest in violation of the Fifth and Fourteenth Amendments to the United States Constitution.
(2) There was a bad faith prosecution because of prosecutorial misconduct in violation of the Fifth and Fourteenth Amendments to the United States Constitution.
(3) Appellant had ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
The only witness to the involvement of appellant in the crime was the accomplice, Martha M. Miller. She testified that she and appellant went to Tupelo in February, 1976, to cash checks which they had conspired to pass while in West Memphis, Tennessee. She filled out a check for two hundred fifty dollars ($250.00), appellant signed same and she cashed it at the Peoples’ Bank in Tupelo. She deposited fifty dollars ($50.00) in the bank and received two hundred dollars ($200.00) in cash which was divided two-thirds (%) to appellant and one-third (Vs) to her.
Appellant was the only witness who testified in his behalf. He denied any connection with the crime, denied that he was in Tupelo on the date that the check was negotiated and claimed he was in Memphis with a Mr. and Mrs. Will T. Littlejohn. Appellant was arrested and charged with the crime on March 18, 1976, while in Tupe-lo.
Under the first two assignments of error, appellant contends that the trial court had no jurisdiction of his person because his arrest was without probable cause and without a warrant, and that the prosecutors were guilty of misconduct in failing to place officers on the stand to show the alleged illegal arrest and to show that he was threatened and beaten by officers. He further contends that the opening and closing argument of the prosecuting attorney was not incorporated in the record and that, if such arguments had been transcribed, they would have reflected that the prosecuting attorneys were covering up for the misconduct and illegal action of the officers. No statements or evidence were introduced resulting from the alleged illegal arrest.
*589 In Roberts v. State, 186 Miss. 732, 191 So. 823 (1939), the Court stated:
“In the instant case the point is made that appellant was apprehended in another State, without any valid legal process therefor, and that over his protest, he was forcibly and unlawfully returned to this State, and that because thereof the courts here are without jurisdiction of the person. Appellant relies on the case, In Re Robinson, 29 Neb. 135, 45 N.W. 267, 8 L.R.A. 398, 26 Am.St.Rep. 378.
We do not agree with the conclusion in the cited case but align ourselves with the great weight of authority which is that the jurisdiction of the court in the county where the crime was committed is in no way impaired by the manner in which the accused was brought before it.” 186 Miss, at 734, 191 So. at 823.
This Court had the same question before it in Nicholson v. State, 254 So.2d 881 (Miss.1971) and stated:
“Appellant first contends the trial court was in error in refusing to allow him to fully develop before the jury the circumstances of his arrest in order that he might show that his arrest was illegal. We find no merit in this contention. It is not necessary to pause to ascertain whether his arrest was legal, because assuming his arrest was illegal the trial court was correct in ruling the circumstances of his arrest were immaterial. The state did not use any evidence or a confession obtained by virtue of the arrest. Appellant was indicted by the grand jury, was present in court, and was tried after having been fully apprised of the charges against him. He was convicted in a fair trial in a county where the crime was committed, and the jurisdiction of the court was in no way impaired by the manner in which he was brought before it. Of course, a different situation exists where the state attempts to introduce evidence or a confession obtained as a result of an illegal arrest. Under these circumstances the ‘fruit of the poisonous tree’ doctrine then might well become applicable. Roberts v. State, 186 Miss. 732, 191 So. 823 (1939); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).” 254 So.2d at 883.
Since no evidence was introduced emanating from the arrest of appellant, he cannot claim prejudice or lack of jurisdiction, and these two assigned errors are without merit. However, we call attention of the Bench and Bar to the thinking of the United States Supreme Court in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), where the Court, even though it held that the government’s alleged entrapment activities in that case did not violate the Constitution or Federal law, warned that:
“While we may someday be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction, cf. Rochin v. California, 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183] (1952), the instant case is distinctly not of that breed.” 411 U.S. at 431-432, 93 S.Ct. at 1643.
Appellant contends thirdly that he was represented by ineffective counsel and that, as a result, he did hot receive a fair trial. Again he argues that his counsel was ineffective in that such counsel did not advance and present his defense of lack of jurisdiction because of his illegal arrest. The record indicates that counsel filed a motion for continuance, together with a supporting affidavit on August 30, 1976, and motion for production of documents. The ease was continued on the motion until the next term of the court which convened in January, 1977. The attorney ably cross-examined the State’s witnesses and presented the appellant’s defense of alibi before the court. It is noted that appellant admitted on the witness stand that he had previously been convicted five (5) times of burglary, forgery, and embezzlement.
The affidavit in support of the motion for continuance set out that certain witnesses who were material to appellant’s defense resided in the State of Tennessee and were beyond the jurisdiction of the court. One *590 of these witnesses was a probation officer in Memphis, Tennessee, and it is assumed that the other two witnesses were Mr. and Mrs. Will T. Littlejohn. However, no contention is made that appellant was prejudiced by not having those witnesses present at the second term (trial) of court. A court cannot be put in error for the non-appearance of witnesses who are beyond the jurisdiction and process of the court, since the court has no power to enforce their presence at trial. Diddlemeyer v. State, 234 So.2d 292 (Miss.1970), Cert. Den. 400 U.S. 917, 91 S.Ct. 177, 27 L.Ed.2d 157 (1971).
We are of the opinion that appellant had effective assistance of counsel and that he received a fair trial. See Berry v. State, 345 So.2d 613 (Miss.1977); Stewart v. State, 229 So.2d 53 (Miss.1969); and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and ROBERTSON, SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.