IRVING, J.,
for the Court.
¶ 1. Leo McIntyre was convicted in the Circuit Court of Hinds County of the sale of cocaine and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, McIntyre appeals from this decision and asserts the following issues: (1) whether the trial court committed reversible error .in not conducting a Rule 403 hearing, (2) whether trial counsel was ineffective in not objecting to the introduction of a prior arrest, *381 and (3) whether he was misidentified as the seller of drugs.
¶ 2. Ascertaining no reversible error, we affirm.
FACTS
¶ 3. On August 15, 1996, Doug Patterson, an investigator with the Hinds County Sheriffs Department, and a confidential informer (Cl) went to an area behind St. Joseph High School for a briefing with surveillance officers about a planned attempt to purchase cocaine. While there, Patterson was equipped with a body wire transmitter and money to purchase drugs. The Cl was also advised of the plan of execution and was searched for drugs on his person before the purchase attempt.
¶ 4. With the surveillance units in place, Patterson and the Cl arrived went to 4546 Gilbert Avenue, Jackson, Mississippi, in an undercover vehicle. As the men walked to the door of the residence, they heard loud music. They knocked on the door, and a young man let them in. Patterson and the Cl observed approximately nine other men located in a dining area, several of them playing cards. Amongst these men was Leo McIntyre.
¶ 5. Patterson and the Cl talked to McIntyre. McIntyre then walked over to the young man who had let Patterson and the Cl in and talked to him briefly. The young man left the house, returned approximately five minutes later, and walked into the kitchen with McIntyre. McIntyre then motioned for Patterson and the Cl to come into the kitchen.
¶ 6. Patterson and the Cl walked in and positioned themselves across a counter from McIntyre. McIntyre then reached into his pocket and counted out approximately eight pieces of crack cocaine. McIntyre handed Patterson the cocaine, and Patterson handed McIntyre $100 in confidential funds. After making the buy, Patterson and the Cl left the house, entered their undercover car, and returned to the staging area behind St. Joseph’s High School.
¶ 7. On April 8, 1997, McIntyre was indicted for sale of cocaine. After undergoing a trial by jury, McIntyre was convicted of the sale of cocaine and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. McIntyre filed a motion for judgment non ob-stante verdicto or in the alternative, a new trial; however, the circuit court summarily overruled his motion. McIntyre then perfected this appeal.
' ANALYSIS AND DISCUSSION OF THE ISSUES

1: Rule 1}03 Analysis

¶ 8. McIntyre first argues that the circuit court committed reversible error when it failed to conduct a Rule 403 hearing after it received testimony from Agent Patterson about a drug transaction which occurred on August 14, 1996, the day before the occurrence of the transaction for which he was being tried. Because of this failure, he asserts that he was denied a fair trial and concludes that his conviction should be reversed and a new trial granted. The State counters that testimony reflecting that Agent Patterson had purchased marijuana and cocaine from McIntyre on August 14 was first elicited from McIntyre’s counsel during the cross-examination of Agent Patterson. The State alternatively asserts that the record is clear that the circuit judge found that this evidence was more probative than prejudicial, assuming that a Rule 403 balancing analysis was required under the circumstances. To resolve this issue, we first look to the trial transcript.
*382 ¶ 9. During cross-examination, defense counsel asked Agent Patterson how he knew that it was McIntyre who sold him the drugs. Patterson explained, “After the purchase, I obtained a picture of him and identified him as the person that I had purchased crack cocaine from.” He further explained that he knew the identity of McIntyre at the time that he made the purchase.
f 10. At this point, attorneys for both sides and the judge had a conference outside the presence of the jury. The State explained that the reason Patterson knew McIntyre’s identity at the time of the purchase for which McIntyre was on trial was because the agent had bought drugs from him the day before. The State further expressed its concerns that counsel for the defense would move for a mistrial if this information were to be elicited. The State then advised the court to consider a Rule 403 analysis of such testimony. Defense counsel explained that he only attempted to receive clarity on whether Patterson found out who McIntyre was by viewing a picture of the suspect after the purchase. The judge opined that the prior purchase was not admissible, as it was not related to the charge for which McIntyre was being tried. However, the judge further warned defense counsel that he would not grant him a mistrial if he proceeded with his line of questioning. The State then advised the judge that, if defense counsel continued questioning Patterson concerning Patterson’s identity of McIntyre, case law supported Patterson’s right to testify fully about why he was certain of McIntyre’s identity, even if that testimony involved other bad acts by McIntyre. Both the judge and defense counsel affirmed their awareness of this fact. The State proceeded to argue that it felt that defense counsel had already crossed the line to allow Patterson to testify about the prior purchase. The judge disagreed while expressing his concern of a possible mistrial. However, the trial judge acknowledged defense counsel’s right to cross-examine Patterson while avoiding anything which would require Patterson to explain that Patterson already had consummated some prior drug transactions with McIntyre. The judge again warned defense counseh about questions which inquired how Patterson knew McIntyre and affirmed that he would not grant a mistrial if counsel asked such questions. Defense counsel expressed his understanding. The State then submitted to the judge that defense counsel’s theory of defense was questioning Patterson’s identity of McIntyre as the person who sold him drugs and further expressed its opinion that Rule 403(B) allowed testimony regarding the prior incident. The judge expressed his tendency to agree with the State if identity was defense counsel’s only defense. Defense counsel expressed his desire to pursue that theory irrespectively. The State then advised the judge of the prospect of making a 403 determination of whether such testimony would be more probative than prejudicial. The judge conveyed that it was too early at that point and that the court would address the matter at the appropriate time. The jury was brought back in and cross-examination of Patterson continued.
¶ 11. Later in cross-examination, defense counsel asked Patterson how he could make the distinction between Leo and Leo’s brother, Charles McIntyre. Patterson explained that he had purchased cocaine and marijuana from Leo and Charles on August 14, the day before the cocaine transaction between him and Leo; that he later .retrieved pictures' of both Leo and Charles to identify who they were; and that he knew, based-on his review of the pictures, that it was Leo who provided him with the cocaine on August 15.
*383 ¶ 12. On redirect, when the State inquired of Agent Patterson about the August 14 transaction, defense counsel objected, but the judge overruled after finding that defense counsel had opened the door pertaining to the subject. Thereafter, Patterson testified that he and the Cl had gone to the same address in question and purchased drugs from both Leo and Charles on August 14.
¶ 13. After Patterson’s testimony on redirect, defense counsel moved for a mistrial based on the judge’s failure to conduct a hearing to determine whether the probative value of Patterson’s testimony regarding the, prior act was outweighed by the danger of unfair prejudice. The judge overruled the motion. The State conveyed to the judge that he needed to make a ruling for the record whether the testimony was more probative than prejudicial. The judge commented that he thought it was. The State expressed that the judge’s ruling needed to be clear in the record. The judge commented, “In regard to the identification issue, I don’t think there’s any way that the officer, who was on cross-examination, could bolster his testimony other than to tell the truth, and I think that’s what he probably did when he said that. You’ve made a good record though, Counsel.”
¶ 14. “The relevancy and admissibility of evidence are largely within the discretion of the trial court, and reversal may be had only where that discretion has been abused.” Weaver v. State, 713 So.2d 860, 865(¶ 31) (Miss.1997).
¶ 15. After a review of the testimony, we do not find that a 403 analysis was necessary under the circumstances. Here, the State was not attempting to present evidence of identity in its case-in-chief. Instead, defense counsel solicited testimony from Agent Patterson inquiring about his identity of McIntyre as the person who sold him cocaine. By his line of questioning, defense counsel opened the door to the subsequent questioning by the State of Agent Patterson regarding his identity of McIntyre as the person who sold him cocaine. We therefore find no merit in this issue.

2. Ineffective Assistance of Counsel

¶ 16. Secondly, McIntyre asserts that his counsel was ineffective for permitting testimony regarding a prior arrest, which occurred on the day before the day of the incidents for which McIntyre was convicted. Consequently, he concludes that he was deprived of his right to a fair trial. The State counters that the record fails to reflect ineffectiveness by McIntyre’s counsel. It points out that McIntyre failed to demonstrate that his counsel’s trial strategy was deficient, and if so, that the deficiency prejudiced McIntyre.
¶ 17. “The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must demonstrate that his counsel’s performance was deficient and that the deficiency prejudiced the defense of the ease. Id. at 687, 104 S.Ct. 2052.
¶ 18. McIntyre cites Stewart v. State, 229 So.2d 53 (Miss.1969) as support for his argument that he received ineffective assistance of his counsel. In Stewart, our supreme court reversed the defendant’s conviction of forcible rape upon finding that the defendant was denied due process in that he was not adequately represented by counsel where his counsel made no objections to leading questions, waived all *384 cross-examination, offered no witnesses, requested no instruction, and did nothing at all for defendant until ■ after case had been tried and a verdict returned.- Id. .at 57.
¶ 19. We do not find Stewart applicable to the facts of the case sub judice. Here, mistaken identity was about the only-defense available, and defense counsel did as good a job as could be expected given the strong evidence against his. client. He aggressively cross-examined Agent Patterson, as well he should, in light of Patterson’s unwavering testimony that it was McIntyre who sold him the cocaine. While counsel’s strategy may have been fraught with some danger, to do nothing would most certainly have been just as damaging. We find no merit in this issue.

S. Identification of McIntyre

¶ 20. Finally, McIntyre contends that the State failed to properly identify him as the person selling the narcotics on August 15, 1996. According to McIntyre, conflicting testimony was presented as to whether he was the person who sold Agent Patterson the cocaine. The State points out that whether McIntyre was misidentified as the seller of cocaine was a question for the jury which decided the issue against McIntyre. We agree with the State.
¶ 21. The jury sits as finder of fact and has the duty to assess the credibility of the witnesses and resolve conflicts in the evidence. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). In the case sub judice, the jury heard the witnesses’ testimony and observed their demeanor. Upon hearing all- of the testimony, the jury convicted McIntyre for sale of cocaine to Agent Patterson on August 15, 1996. We find no reason to disturb the jury’s verdict.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEALS ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.